# **EXHIBIT A**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NASSAU
----------------------------------------------------------------X
DARK ARTS CONSULTING, INC.,

                          Plaintiff/Petitioner,

          - against -                        Index No. 615076/2019

CONTRAVIR PHARMACEUTICALS, INC., HEPION PHARMACEUTICALS, INC., ROBERT FOSTER and JOHN CAVAN

                        Defendant/Respondent.
----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

    **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

    The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: October 30, 2019

**Ashish Kapoor, Esq.**
Name
Kapoor Law Firm, PLLC

Firm Name

400 Garden City Plaza, Suite 432

Garden City, New York 11530

Address

516-307-8380

Phone

akapoor@kapoorfirm.com
E-Mail

To: Contravir Pharmaceuticals, et al.

399 Thornall Street, 1st Floor

Edison, NJ 08837

6/6/18

Index #        Page 2 of 2        EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
DARK ARTS CONSULTING, INC.,

                           Plaintiff,

- against -

CONTRAVIR PHARMACEUTICALS, INC.,
HEPION PHARMACEUTICALS, INC., ROBERT
FOSTER and JOHN CAVAN,

                           Defendants.
----------------------------------------------------------------X

Index No.
Date Purchased:

**SUMMONS**

Plaintiff designates:
Nassau County
as the place of trial

The basis of the venue is
Plaintiff's place of business:
91 Palo Alto Drive
Plainview, NY 11803

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       October 29, 2019

                                              KAPOOR LAW FIRM, PLLC

                                              Ashish Kapoor, Esq.
                                              Attorneys for Plaintiff
                                              400 Garden City Plaza, Suite 432
                                              Garden City, New York 11530
                                              (516) 307-8380

DEFENDANTS' ADDRESSES:

Contravir Pharmaceuticals, Inc.
399 Thornall Street, 1st Floor
Edison, New Jersey 08837

Hepion Pharmaceuticals, Inc.
399 Thornall Street, 1st Floor
Edison, New Jersey 08837

Robert Foster
c/o Hepion Pharmaceuticals, Inc.
399 Thornall Street, 1st Floor
Edison, New Jersey 08837

John Cavan
c/o Hepion Pharmaceuticals, Inc.
399 Thornall Street, 1st Floor
Edison, New Jersey 08837

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
DARK ARTS CONSULTING, INC.,                          Index No.

                Plaintiff,

                              **VERIFIED COMPLAINT**

  - against -

CONTRAVIR PHARMACEUTICALS, INC.,
HEPION PHARMACEUTICALS, INC., ROBERT
FOSTER and JOHN CAVAN,

                Defendants.
----------------------------------------------------------------X

      Plaintiff, DARK ARTS CONSULTING, INC. (the "Plaintiff"), by and through its attorneys, Kapoor Law Firm, PLLC, as and for its complaint against defendants CONTRAVIR PHARMACEUTICALS, INC. ("Contravir"), HEPION PHARMACEUTICAL, INC. ("Hepion"), ROBERT FOSTER ("Foster") and JOHN CAVAN ("Cavan") (collectively, the "Defendants"), alleges as follows, upon information and belief:

## PARTIES

1.     At all times relevant herein, Plaintiff is a New York corporation with a principal place of business in the State of New York, County of Nassau.

2.     At all times relevant herein, Contravir was and is a corporation domiciled in the State of New Jersey, with a principal place of business in the County of Middlesex.

3.     At all times relevant herein, Hepion was and is a corporation domiciled in the State of New Jersey, with a principal place of business in the County of Middlesex.

4.     At all times relevant herein, Foster was and is an individual resident of the nation of Canada, Province of Alberta.

5.     At all times relevant herein, Cavan was and is an individual resident of the State

of New Jersey.

6. At some point during the times relevant hereto, Contravir merged—or became otherwise associated with—Hepion.

7. The Contravir/Hepion company shall be referred to as the "Corporation."

8. At all times relevant herein, Foster was and is the Chief Executive Officer of the Corporation.

9. As Chief Executive Officer, Foster is responsible for the day-to-day operations and decision-making of the Corporation, including as it pertains to the incidents described below.

10. At all times relevant herein, Cavan was and is the Chief Financial Officer of the Corporation.

11. As Chief Financial Officer, Cavan is responsible for the day-to-day financial operations and decision-making of the Corporation, including as it pertains to the incidents described below.

## JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to the terms of the Agreements defined below.

13. Venue is proper due to Plaintiff having its principal place of business in Nassau County.

## RELEVANT BACKGROUND FACTS

14. On or about July 24, 2014, Plaintiff and the Corporation entered into a certain "Focus Works Technology As A Service Agreement" (the "First Agreement") whereby Plaintiff would provide certain materials and perform certain services related to technology services for the Corporation.

3

15. The term of the First Agreement was three (3) years and, as such, was due to expire on or about July 23, 2017.

16. In order to induce Plaintiff to extend the relationship past the term of the First Agreement, the Corporation (through Cavan) requested a reduction in price.

17. Relying on Cavan's representations that it would honor the terms thereof, Plaintiff agreed to enter into a subsequent three-year agreement effective June 1, 2017 and scheduled to expire May 31, 2020 (the "Second Agreement").

18. Costs for the Corporation were decreased by approximately twenty-five (25%) percent in the Second Agreement.

19. As consideration for the reduction in price, the parties agreed that the Second Agreement was "non-cancellable."

20. The First Agreement and Second Agreement may be collectively referred to herein as the "Agreements."

21. Plaintiff fully performed its duties and obligations pursuant to the Agreements.

22. Between June 23, 2014 and February 1, 2019, the Corporation paid nearly every invoice submitted by Plaintiff pursuant to the Agreements.

23. In or about February 2019 Defendants, without notice or explanation, ceased making the required payments, notwithstanding Plaintiff continuing to send the required invoices.

24. To date, the Corporation owes Plaintiff the principal sum of Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80) (the "Outstanding Principal"), plus late fees and interest.

25. In addition, in compliance with the Agreements, Plaintiff provided Defendants certain hardware (the "Hardware") including, but not limited to:

- 16 HP desktop computers with dual monitors
- 17 Microsoft Surface laptops
- 3 Mac Minis hosting 5 Windows Servers
- 1 Synology Network Attached Server
- 1 Fortigate Firewall
- 1 48-port POE GB Cisco Network Switch

26. Notwithstanding due demand therefor, Defendants have refused to return the Hardware to Plaintiff.

27. In good faith, Plaintiff made certain settlement offers to Defendants.

28. Plaintiff's settlement offers were met with paltry counteroffers and improper and unethical threats of criminal action.

29. Specifically, by email dated September 20, 2019, at 12:30 p.m. counsel to Defendants, Jeffrey Fessler, Esq. wrote, in relevant part:

> The June 2017 agreement was never signed by the Company. You added Mr. Cavan's electronic signature to the June 2017 agreement which you yourself never signed. **This is a crime and if you continue to assert that the agreement has been signed by the Company, the Company will have no choice but to refer you to the proper authorities.** (emphasis added)

30. In addition to this accusation being patently false, the threatening of Plaintiff's principal, Donald Lee Solt, Jr., with criminal action was a transparent attempt to gain an advantage in this civil case, something in clear violation of Rule 3.4 of the New York Rules of Professional Conduct (formerly DR 7-105(a)).

31. Even after this act of reprehensible behavior, in yet another act of good faith, Plaintiff (this time through counsel) transmitted correspondence dated October 11, 2019 by which it requested repayment of the Outstanding Principal, without late fees and interest, and a

return of the Hardware.

32. Neither Defendants nor their attorney responded to the October 11, 2019 correspondence.

33. As a final good faith effort, by correspondence dated October 24, 2019, Plaintiff (through counsel) again requested repayment of the Outstanding Principal, without late fees and interest, and a return of the Hardware.

34. As such, Plaintiff had no alternative but to commence this litigation.

### AS AND FOR A FIRST CAUSE OF ACTION
**(For Breach of Contract Against the Corporation)**

35. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

36. The Agreements were binding contracts between Plaintiff and the Corporation.

37. The Agreements were supported by consideration.

38. Plaintiff fully performed its duties and obligations required under the Agreements.

39. By failing to pay the Outstanding Balance, the Corporation breached the Agreements.

40. As a result of the Corporation's failure to pay the Outstanding Balance, Plaintiff has been damaged.

41. Accordingly, Plaintiff is entitled to an award in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION
(For Unjust Enrichment Against All Defendants)

42. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

43. At all times relevant hereto, Defendants derived a financial benefit and enrichment from the services and Hardware performed and provided by Plaintiff.

44. The benefit derived by Defendants was at the expense of Plaintiff, who was wrongfully and unjustly deprived of monies and the Hardware.

45. Accordingly, Plaintiff is entitled to an award in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION
(For Fraud Against All Defendants)

46. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

47. In both the negotiations leading to the creation of the Second Agreement and by executing the Second Agreement, Defendants represented that they would pay the fees required by the Second Agreement in exchange for Plaintiff's performance of services, provision of the Hardware and the reduced price detailed above.

48. Defendants' actions and statements were material misrepresentations, as Defendants never intended to comply with the terms of the Second Agreement.

49. Plaintiff relied on Defendants' actions and statements in executing the Second Agreement and performing the services and providing the Hardware required therein.

7

50.  Plaintiff's reliance on the misrepresentations of Defendants was reasonable.

51.  Plaintiff was damaged as a result of the misrepresentations of Defendants.

52.  As such, Plaintiff is entitled to judgment in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses.

53.  In addition, Plaintiff is entitled to punitive damages from Defendants in an amount to be determined at trial, but not less than Five Million ($5,000,000.00) Dollars

### AS AND FOR A FOURTH CAUSE OF ACTION
(For Conversion Against All Defendants)

54.  Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

55.  Defendants, intentionally and without authority, assumed control over the Outstanding Balance and the Hardware.

56.  The Outstanding Balance and the Hardware rightfully belong to Plaintiff.

57.  Defendants' keeping of the Outstanding Balance and the Hardware interferes with Plaintiff's right of possession.

58.  Plaintiff has a possessory right in the Outstanding Balance and the Hardware.

59.  Defendants' dominion over the Outstanding Balance and the Hardware is in derogation of Plaintiff's rights.

60.  Defendants' interference with the Outstanding Balance and the Hardware is in derogation of Plaintiff's rights.

61.     As such, Plaintiff is entitled to judgment in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses.

62.     In addition, Plaintiff is entitled to punitive damages from Defendants in an amount to be determined at trial, but not less than Five Million ($5,000,000.00) Dollars.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. On its first cause of action, for breach of contract against the Corporation, an award of damages in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses; and

b. On its second cause of action, for unjust enrichment against all Defendants, an award of damages in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses; and

c. On its third cause of action, for fraud against all Defendants, an award of damages in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses, plus punitive damages in an amount to be determined at trial, but not less than Five Million ($5,000,000.00) Dollars; and

d. On its fourth cause of action, for conversion against all Defendants, an award of damages in an amount to be determined at trial, but not less than Three Hundred Fifty-Four Thousand Four Hundred Sixty-Five Dollars and Eighty Cents ($354,465.80), plus late fees, interest, costs and expenses, plus punitive damages in an amount to be determined at trial, but not less than Five Million ($5,000,000.00) Dollars; and

e. Reimbursement for the costs and disbursements of this action, and

f. Such further relief that the court may deem appropriate.

Dated: Garden City, New York
October 29, 2019

KAPOOR LAW FIRM, PLLC

Ashish Kapoor, Esq.
*Attorneys for Plaintiff*
400 Garden City Plaza, Suite 432
Garden City, New York 11530
(516) 307-8380

## VERIFICATION

The undersigned, Donald Lee Solt, Jr., deposes and states herein: I am the principal of Dark Arts Consulting, Inc., Plaintiff in this action; I have read the foregoing Summons and Verified Complaint, and I know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe it to be true.

Dated: Garden City, New York
October 29, 2019

_____
Donald Lee Solt, Jr.

Sworn to before me this
29 day of October, 2019

_____
Notary public

ASHISH KAPOOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KA6328367
Qualified in Nassau County
My Commission Expires May 26, 2019

11

*Index No: 615076/2019*  *Year: 2019*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

DARK ARTS CONSULTING, INC.,

                            Plaintiff,

  -against-

CONTRAVIR PHARMACEUTICALS, INC.,
HEPION PHARMACEUTICALS, INC., ROBERT
FOSTER and JOHN CAVAN,

                            Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

### KAPOOR LAW FIRM, P.L.L.C.
*Attorney for Plaintiff*
400 Garden City Plaza
Suite 432
Garden City, NY 11530
(516) 307-8380

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: October 30, 2019        Signature:..................................................................
                                                    Ashish Kapoor, Esq.

Client Ref.:

## AFFIDAVIT OF SERVICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------

Dark Arts Consulting, Inc.

                                 Plaintiff

vs

Contravir Pharmaceuticals, Inc., et al

                                 Defendant

-------------------------------------------------------------------

Index Number: 615076/2019
Filed On:

State of New Jersey:
Bergen County ss:

I James Reap, being duly sworn according to law upon my oath, depose and say: Deponent is not a party to this action, has no direct personal interest in this litigation, is over eighteen years of age and resides in the State of New Jersey.

That on **11/20/2019** at **1:07 PM.**, at **399 Thornall Street, 1st Floor, Edison, NJ 08837**
Deponent served the within **Notice of Electronic Filing, Summons and Verified Complaint**

On **Hepion Pharmaceuticals, Inc.**

**CORPORATE SERVICE**: By delivering thereat a true copy of said documents to **Jessica Guzzo** personally, deponent knew said Corporation so served to be the Corporation described in the legal documents and knew **Jessica Guzzo** to be **Office Manager** thereof. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **Hepion Pharmaceuticals, Inc.**, and the recipient responded in the affirmative.

**DESCRIPTION**: **Jessica Guzzo** is described to the best of deponent's ability at the time and the circumstances of service as follows:
Gender: **Female** Race/Skin: **White** Hair: **Brown** Age: **31 - 39 Yrs.** Height: **5' 0" - 5' 3"** Weight: **125 -149 Lbs.** Glasses: **No** Other:

I declare under penalty of perjury that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Subscribed and Sworn to before me on 11/21/2019

DONNA JEAN ARCIUOLO (2105512)
Notary Public of New Jersey
My Commission Expires November 30, 2022



X _____
**JAMES REAP, Process Server**
Job # 199559

*CALLAHAN LAWYERS SERVICE, 90 MAIN STREET, SUITE 204, HACKENSACK, NJ 07601*

Client Ref.:

## AFFIDAVIT OF SERVICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

Dark Arts Consulting, Inc.
                                        Plaintiff

vs

Contravir Pharmaceuticals, Inc., et al
                                        Defendant

---

Index Number: 615076/2019
Filed On:

State of New Jersey:
Bergen County ss:

I James Reap, being duly sworn according to law upon my oath, depose and say: Deponent is not a party to this action, has no direct personal interest in this litigation, is over eighteen years of age and resides in the State of New Jersey.

That on **11/20/2019** at **1:07 PM.**, at **399 Thornall Street, 1st Floor, Edison, NJ 08837**
Deponent served the within **Notice of Electronic Filing, Summons and Verified Complaint**

On **Robert Foster**

**SUITABLE AGE:** By delivering thereat a true copy of each to **Jessica Guzzo, Office Manager** a person of suitable age and discretion who also resides at **399 Thornall Street, 1st Floor, Edison, NJ 08837**. That person was asked by deponent whether said premises was **Robert Foster's business within the State of New Jersey** and their reply was affirmative. Deponent further confirmed with **Jessica Guzzo** that said address is the **Business** address of **Robert Foster** as well.

**MAILING:** On **11/21/2019** deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to **Robert Foster** at and deposited said wrapper in a post office official depository under exclusive care and custody of the United States Postal Service within the State of New Jersey: - MARKED PERSONAL AND CONFIDENTIAL. Certified Mail Receipt No. (if applicable)

**DESCRIPTION: Jessica Guzzo** is described to the best of deponent's ability at the time and the circumstances of service as follows:
Gender: **Female** Race/Skin: **White** Hair: **Brown** Age: **31 - 39 Yrs.** Height: **5' 0" - 5' 3"** Weight: **125 -149 Lbs.** Glasses: **No** Other:

**MILITARY**: Based upon inquiry of party served, Defendant is not active in the military service of the United States of America.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Subscribed and Sworn to before me on 11/21/2019

DONNA JEAN ARCIUOLO (2105512)
Notary Public of New Jersey
My Commission Expires November 30, 2022



X _____
**JAMES REAP, Process Server**
Job # 199560

Client Ref.:

## AFFIDAVIT OF SERVICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------
Dark Arts Consulting, Inc.

                     Plaintiff

vs

Contravir Pharmaceuticals, Inc., et al

                     Defendant
-------------------------------------------------------------------

Index Number: 615076/2019
Filed On:

State of New Jersey:
Bergen County ss:

I James Reap, being duly sworn according to law upon my oath, depose and say: Deponent is not a party to this action, has no direct personal interest in this litigation, is over eighteen years of age and resides in the State of New Jersey.

That on **11/20/2019** at **1:07 PM.**, at **399 Thornall Street, 1st Floor, Edison, NJ 08837**
Deponent served the within **Notice of Electronic Filing, Summons and Verified Complaint**

On **John Cavan**

**SUITABLE AGE:** By delivering thereat a true copy of each to **Jessica Guzzo, Office Manager** a person of suitable age and discretion who also resides at **399 Thornall Street, 1st Floor, Edison, NJ 08837**. That person was asked by deponent whether said premises was **John Cavan's business within the State of New Jersey** and their reply was affirmative. Deponent further confirmed with **Jessica Guzzo** that said address is the **Business** address of **John Cavan** as well.

**MAILING**: On **11/21/2019** deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to **John Cavan** at **399 Thornall Street, 1st Floor, Edison, NJ 08837** and deposited said wrapper in a post office official depository under exclusive care and custody of the United States Postal Service within the State of New Jersey: - MARKED PERSONAL AND CONFIDENTIAL. Certified Mail Receipt No. (if applicable)

**DESCRIPTION:** **Jessica Guzzo** is described to the best of deponent's ability at the time and the circumstances of service as follows: Gender: **Female** Race/Skin: **White** Hair: **Brown** Age: **31 - 39 Yrs.** Height: **5' 0" - 5' 3"** Weight: **125 -149 Lbs. Glasses: No** Other:

**MILITARY**: Based upon inquiry of party served, Defendant is not active in the military service of the United States of America.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Subscribed and Sworn to before me on 11/21/2019

DONNA JEAN ARCIUOLO (2105512)
Notary Public of New Jersey
My Commission Expires November 30, 2022



X _____
JAMES REAP, Process Server
Job # 199561